# IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF TENNESSEE
## NASHVILLE DIVISION

| | | |
|---|---|---|
| **PainMD, LLC, et al.,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | **NO. 3:18-cv-01346** |
| **v.** | ) | |
| | ) | **JUDGE CAMPBELL** |
| **ALEX M. AZAR II, Secretary of** | ) | **MAGISTRATE JUDGE NEWBERN** |
| **United States Department of Health** | ) | |
| **and Human Services, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>MEMORANDUM</u>

Pending before the Court is Defendant United States' Motion to Dismiss the Complaint. (Doc. No. 50).  Plaintiffs filed a response (Doc. No. 55) and Defendant filed a reply (Doc. No. 60).  For the reasons discussed below, the motion to dismiss is **GRANTED**.

## I.  BACKGROUND

Plaintiff PainMD is a pain management clinic; Plaintiff Michael Kestner is the majority owner. (Compl., Doc. No. 1, ¶¶ 13-14).  On November 15, 2018, the United States filed a civil action against PainMD, Kestner, and others under the False Claims Act, 37 U.S.C. §§ 3729, *et seq*. in *United States v. Kestner*, (Case No. 3:18-cv-01289) (M.D. Tenn, filed Nov. 15, 2018). Shortly thereafter, on December 5, 2018, CMS issued a Notice of Suspension of Medicare Payments to PainMD, stating all Medicare payments were suspended "based on credible allegations of fraud" pursuant to 42 C.F.R. § 405.370, and informing PainMD of its right to submit a rebuttal. (Doc. No. 9-2.)

Plaintiffs immediately filed this case seeking a temporary restraining order, mandamus relief compelling CMS to issue a notice of overpayment determination, and a preliminary

injunction to end the suspension of Medicare payments. (Compl., Doc. No. 1, ¶ 46). Plaintiff invoked federal question jurisdiction under 28 U.S.C. § 1331, and mandamus jurisdiction under 28 U.S.C. § 1361 and the All Writs Act 28 U.S.C. § 1651. The Court denied Plaintiffs' request for a temporary restraining order. (Doc. No. 17). Defendants moved to dismiss the Complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted, respectively.

## II. STANDARD OF REVIEW

Whether a court has subject-matter jurisdiction is a "threshold determination" in any action. *Am. Telecom Co. v. Republic of Lebanon*, 501 F.3d 534, 537 (6th Cir. 2007). This reflects the fundamental principle that "[j]urisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 514 (1868)); *see also*, *Wayside Church v. Van Buren Cty.*, 847 F.3d 812, 816 (6th Cir. 2017) (explaining that courts "are 'bound to consider [a] 12(b)(1) motion first, since [a] Rule 12(b)(6) challenge becomes moot if th[e] court lacks subject matter jurisdiction" (quoting *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990))).

The party asserting subject-matter jurisdiction bears the burden of establishing that it exists. *Ammons v. Ally Fin., Inc.*, 305 F. Supp. 3d 818, 820 (M.D. Tenn. 2018). A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction "may either attack the claim of jurisdiction on its face or it can attack the factual basis of jurisdiction." *Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005). A facial attack challenges the sufficiency of the pleading and, like a motion under Rule 12(b)(6), requires the Court to take all factual allegations

in the pleading as true. *Wayside Church*, 847 F.3d at 816–17 (quoting *Gentek Bldg. Prods., Inc. v. Sherwin-Williams Co.*, 491 F.3d 320, 330 (6th Cir. 2007)). A factual attack challenges the allegations supporting jurisdiction, raising "a factual controversy requiring the district court to 'weigh the conflicting evidence to arrive at the factual predicate that subject-matter does or does not exist." *Id*. at 817 (quoting *Gentek Bldg. Prods., Inc*., 491 F.3d at 330). District courts reviewing factual attacks have "wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.3d 320, 325 (6th Cir. 1990).

In deciding a motion to dismiss under Rule 12(b)(6), a court must take all the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads facts that allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. In reviewing a motion to dismiss, the Court construes the complaint in the light most favorable to the plaintiff, accepts its allegations as true, and draws all reasonable inferences in favor of the plaintiff. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

In considering a Rule 12(b)(6) motion, the Court may consider the complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to Defendant's motion to dismiss provided they are referred to in the Complaint and are central to the claims. *Bassett v. National Collegiate Athletic Assn*., 528 F.3d 426, 430 (6th Cir. 2008)

# III. ANALYSIS

## A. Regulatory Background

The claims presented arise under the Medicare Act, 42 U.S.C. §§ 1395 *et seq*, and implementing regulations, 42 C.F.R. § 405. Medicare is a federal program designed to provide health insurance coverage to seniors and certain disabled individuals. *See*, *Baptist Hosp. E. v. Sec'y of Health and Human Servs.*, 802 F.2d 860, 868 (6th Cir. 1986). The Secretary of Health and Human Services (the "Secretary") has delegated the responsibility of administering the Medicare program to the Centers for Medicare & Medicaid Services ("CMS").

Although, typically claims to Medicare providers are paid upon submission, CMS has authority to temporarily suspend Medicare reimbursement payments to a provider, in whole or in part, if there is reliable information that an overpayment exists, that the payment may be incorrect, or when there are "credible allegations of fraud." 42 C.F.R. § 405.371(a). A credible allegation of fraud is "an allegation from any source, including … civil fraud claims cases, and law enforcement investigations." 42 C.F.R. § 405.370(a). "[T]he purpose of suspending payments is to verify whether, and how much, payment was actually due the provider for past claims and to ensure that, if a provider or supplier was overpaid, sufficient funds are available to recover the overpayments. These actions are clearly necessary to protect the Trust Funds from loss." 61 Fed. Reg. 63740, 63742-43 (Dec. 2, 1996).

The decision to suspend payment or continue a payment suspension is made at the discretion of CMS. *See* 42 C.F.R. § 405.371 (providing CMS "may" suspend Medicare payments in certain circumstances and "may" decide not to suspend payments "for good cause.") The suspension, however, is not indefinite. The regulations allow, but do not require, CMS to maintain the suspension until a "legal action is terminated by settlement, judgment, or

dismissal, or when the case is closed or dropped because of insufficient evidence to support

allegations of fraud." 42 C.F.R. §§ 405.370(a) and .372(d)(3). *See also*, 405.371(b)(3)(ii) (CMS

may extend the suspension of payment if the Department of Justice submits a written request

that "suspension of payments be continued based on the ongoing investigation and anticipated

filing of criminal or civil action or both or based on a pending criminal or civil action or both.").

The provider may submit a statement of rebuttal as to why the suspension should be

removed. 42 C.F.R. § 405.372(b)(2). However, the implementation of a payment suspension

is not an appealable determination. *See* 42 C.F.R. § 405.375(c); *MedPro Health Providers, LLC*

*v. Hargan*, Case No. 17C1568, 2017 WL 4699239, at *2 (N.D. Ill. Oct. 19, 2017); *MJG Mgt.*

*Assoc., Inc. v. NHIC Corp.*, No. 12-11414, 2013 WL 1946220, at *2 (D. Mass. May 9, 2013).

Although suspension determinations are not appealable, providers are entitled to appeal

any subsequent claims determination through an administrative process that culminates in a

decision by the Medicare Appeals Council. 42 C.F.R. § 405.904(a)(2). The Appeals Council

decision is final and subject to judicial review in federal district court. 42 U.S.C. §§ 405(g)-(h).

## B. Federal Question Jurisdiction

Defendants argue the Court does not have subject-matter jurisdiction in this case

because the suspension of payments is not an appealable final decision and Plaintiffs have not

exhausted administrative remedies. Defendants have presented a facial attack to jurisdiction.

Accordingly, the Court relies on the pleadings and takes all factual allegations as true in

deciding whether the Court has jurisdiction over the claims presented. *See Wayside Church*,

847 F.3d at 816-17.

The Medicare Act limits judicial review of the Secretary's decision to the methods

provided in 42 U.S.C. § 405(h), which although part of the Social Security Act, is incorporated

into the Medicare Act by 42 U.S.C. § 1395ii. Section 405(h) provides that no action may be brought under 28 U.S.C. §§ 1331 and 1346 to recover on any claim "arising under" this subchapter and "[n]o findings of fact or decision of the Secretary shall be reviewed by any person, tribunal, or governmental agency except" as provided in 42 U.S.C. § 405(g). Section 405(g) provides for judicial review "after any final decision of the Secretary made after a hearing." *See also*, *Shalala v. Ill. Council on Long Term Care, Inc.*, 529 U.S. 1, 24 (2000) ("At a minimum, however, the matter must be presented to the agency prior to review in a federal court.")

"A claim arises under the Medicare Act if both the standing and the substantive basis for the presentation of the claim is the Medicare Act, or if the claim is 'inextricably intertwined' with a claim for Medicare benefits." *RenCare, Ltd. v. Humana Health Plan of Texas, Inc.*, 395 F.3d 555, 557 (5th Cir. 2004) (citing *Heckler v. Ringer*, 466 U.S. 605, 615 (1984)). The term "arising under" is broadly construed to encompass all claims for relief, regardless of whether the claimant seeks benefits, or declaratory, or injunctive relief. *Heckler*, 466 U.S. at 615. "Title 42 U.S.C. § 405(h), to the exclusion of 28 U.S.C. § 1331 (federal-question jurisdiction), makes § 405(g) the sole avenue for judicial review of all 'claim[s] arising under' the Medicare Act." *Id*. Section 405(h) "demands the 'channeling' of virtually all legal attaches through the agency." *Ill. Council*, 529 U.S. at 13. *See also*, *Cathedral Rock of N. College Hill, Inc. v. Shalala*, 223 F.3d 354, 363 (6th Cir. 2000) (claim was "inextricably intertwined" and not collateral because favorable resolution of this claim would result in reinstatement of payments).

Here, Plaintiffs' claim that CMS has illegally suspended payments and wrongfully failed to issue a notice of overpayment, unquestionably arises under the Medicare Act. According to the Medicare regulations, the decision to suspend payments is not a final agency

decision. *See* 42 U.S.C. § 405(g)(h).  The courts that have addressed this issue have also held that "a temporary withholding of payments pursuant to 42 C.F.R. § 405.371(b) is not a final determination which would trigger federal court jurisdiction under 42 U.S.C. § 405(g)." *See Long Island Ambulance, Inc. v. Thompson*, 220 F. Supp. 2d 150, 160 (E.D.N.Y. 2002) (reviewing cases).  The suspension of Medicare payments to PainMD is not a final determination of the secretary and, therefore, Defendants have not met the exhaustion requirement.

Plaintiffs do not contest the "undisputed fact that courts ordinarily do not have jurisdiction over Medicare disputes until a plaintiff has exhausted his administrative remedies." (*See* Pl. Resp. Br., Doc. No. 55 at 3.)  They argue, however, that the exhaustion requirement does not apply because their claims are "entirely 'collateral' to the underlying Medicare dispute." (*Id*.)

The collateral claim exception to the exhaustion rule applies only when a plaintiff raises "a claim that [is] wholly collateral to his claim for benefits," and makes a "colorable showing that his injury [cannot] be remedied by the retroactive payment of benefits after exhaustion of his administrative remedies." *Heckler v. Ringer*, 466 U.S. 602, 618 (1984).  "For a claim to be collateral, it must not require the Court to 'immerse itself' in the substance of the underlying Medicare claim or demand a 'factual determination' as to the application of the Medicare Act." *Family Rehab., Inc. v. Azar*, 886 F.3d 496, 501 (5th Cir. 2018).

Plaintiffs characterize their claim as a process claim that does not "require the Court to decide the substantive Medicare dispute collaterally underlying this action" and ask the court to order Defendants to "issue the required notice of the overpayment determination" and to "cease withholding" payments. (Pl. Resp. Br., Doc. No. 55 at 4.)  In other words, even accepting

Plaintiffs' allegations as true, Plaintiffs challenge CMS's implementation of the regulations regarding suspension of payments and ask the Court to Order CMS to lift the suspension, issue a notice of overpayment, and pay the submitted claims.

While Plaintiffs may not be asking the Court to decide whether the individual Medicare claims for which Plaintiffs seek reimbursement are properly payable, they are, nevertheless, asking the Court to order actual payment of those claims. Though Plaintiffs do not characterize it as such, they essentially ask the Court to order CMS to continue making payments with the understanding that CMS can try to recoup money that may have been obtained through fraud at a future time. This is exactly the situation payment suspension is designed to prevent. *See Clarinda Home Health v. Shalala*, 100 F.3d 526, 529 (8th Cir. 1996) (The purpose of a payment suspension is "to protect the government from suffering greater losses."); *see also*, 61 Fed. Reg. 63740, 63742-43 (Dec. 2, 1996) (purpose of payment suspension is to ensure sufficient funds are available to recover the overpayments).

Plaintiffs' requested relief – that the Court order the Secretary to declare the investigation resolved, lift the payment suspension, and issue an overpayment determination – impermissibly invites the Court to delve into the Secretary's discretionary authority to implement the suspension in the first instance. *See* 42 C.F.R. § 405.371 (Secretary "may" suspend payments or "may find that good cause exists not to suspend payments.") *See also*, *Long Island Ambulance, Inc.,* 220 F. Supp. 2d at 165 (Secretary's decision to suspend payments is discretionary (citing *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 73 (2d Cir. 1998))). Nor will the Court make a determination that the investigation has ended and an overpayment determination must be issued. The overpayment determination and suspension are interrelated.

For the reasons stated above with regard to the suspension of payments, the Court does not have jurisdiction to hear these claims.

Plaintiffs' reliance on *Family Rehab., Inc. v. Azar*, 886 F.3d 496 (5th Cir. 2018), is misplaced. In *Family Rehab.*, the plaintiff was stuck in administrative limbo, facing a three to five year backlog for administrative review of an overpayment determination that was supposed to be complete within 90 days. *Id*. at 500. Medicare was beginning to recoup the overpayments even though the administrative review was not complete and, due to the backlog, might not be complete for years. The court found that the process claim was collateral to the claim for benefits and issued a temporary restraining order to "maintain [benefits] temporarily until the agency follows the statutorily or constitutionally required procedures." *Id*. at 503.

In this case, despite Plaintiffs' attempts to characterize their claims as process claims collateral to the decision to suspend payments or to the ultimate determination on the payment of claims, Plaintiffs are asking the Court to override unilaterally CMS's suspension determination and the conduct of its fraud investigation. Unlike the circumstance in *Family Rehab.*, Plaintiffs here are not being deprived of administrative process required by the regulations. Suspension of payments during an investigation into allegations of fraud or for the pendency of a criminal or civil action is specifically allowed by the regulations and other than the opportunity to submit a rebuttal, Plaintiffs have no right to appeal the suspension determination. *See* 42 C.F.R. § 405.370-.377.

Plaintiffs' argument that the administrative process normally available is not accessible because the agency refuses to render a final appealable decision on the claims is similarly unavailing. The accusation that CMS will never act on the claims presented to it is premature. Indeed, the regulations contemplate administrative suspension of payments during the

pendency of a "criminal or civil action." 42 C.F.R. 405.371(b)(3)(ii). Moreover, Plaintiffs cannot allege the suspension has been pending without action for an unreasonable period of time when Plaintiffs filed the Complaint in this case the same day they received notice of suspension of payments.

## C. Mandamus Jurisdiction

Plaintiffs assert the Court has subject matter jurisdiction under 28 U.S.C. § 1361 to issue a writ of mandamus compelling CMS to issue a notice of overpayment and lift the payment suspension. The federal mandamus statute provides that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United State of any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A writ of mandamus will only issue in extraordinary circumstances. *Kerr v. U.S. Dist. Ct. for the N. Dist. of Cal.*, 426 U.S. 394, 403 (1976). To satisfy the Supreme Court's test for mandamus jurisdiction, Plaintiffs must show both that they have "exhausted all other avenues of relief" and that Defendants owe a "clear nondiscretionary duty." *New Vision Home Health Care, Inc. v. Anthem, Inc.*, 752 Fed. Appx. 228, 234 (6th Cir. 2018) (citing *Heckler v. Ringer*, 466 U.S. 602, 616 (1984); *see also*, *BP Care, Inc. v. Thompson*, 398 F.3d 503, 515 (6th Cir. 2005) (Plaintiff must exhaust its administrative remedies before it can seek a writ of mandamus). The Supreme Court has declined to decide whether mandamus relief is available for Medicare claims, or if it is foreclosed under 42 U.S.C. § 405(h). *Ringer*, 466 U.S. at 616.

Without deciding whether mandamus could apply to claims under the Medicare Act, the Court finds that it would not apply to the claims in this case because Plaintiffs have not exhausted administrative remedies and have not shown Defendants owe a "clear nondiscretionary duty." Despite Plaintiffs' efforts to characterize their claim as one involving

a non-discretionary duty to issue notice of overpayment, the claim is, at its heart, a challenge to the payment suspension. As discussed, the regulations give CMS discretion to continue the payment suspension until the resolution of the investigation, which includes the pendency of a civil or criminal action.

Accordingly, the court lacks jurisdiction over Plaintiffs' plea for a writ of mandamus.

## IV. CONCLUSION

For the reasons stated, the Court does not have subject-matter jurisdiction over the claims in this case. Accordingly, the motion to dismiss is **GRANTED**. The Complaint is **DISMISSED** without prejudice.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE